IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KONDOT S.A., | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **VERIFIED COMPLAINT** |
| | ) | |
| DURON LLC, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Kondot S.A. ("Kondot"), by and through its undersigned counsel, and for its Verified Complaint against the Defendant, Duron LLC ("Duron"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court's jurisdiction over this matter is based upon the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1333 (admiralty), and the Court's pendent, supplemental and ancillary jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of property that is the subject of the action is situated within the District of Nebraska.

4. Plaintiff, Kondot, is a foreign corporation with a principal place of business located in Nevis, Federation of St. Kitts and Nevis.

5. Upon information and belief, Defendant, Duron, is a Florida limited liability company with a place of business located at 3771 SW 17th Lane, Miami, FL 33134.

6. On or about April 17, 2020, Plaintiff and Defendant entered into and were parties to a maritime charter party contract ("Charter Party") for the M/V HANZE GENDT (hereinafter "The Vessel"). *A true and correct copy of the Charter Party is attached hereto as Exhibit 1.*

7. Pursuant to the charter party, on or about May 15, 2020 at Houston, Texas Defendant loaded a cargo of 29,997 metric tons of wheat.

8. Defendant purchased the wheat from non-party garnishee Hansen-Mueller Co. ("Hansen-Mueller") and, pursuant to its contract with non-party garnishee Hansen-Mueller, remitted $400,000 to Hansen-Mueller's bank account at non-party garnishee First National Bank of Omaha ("FBNO") within this District as a "performance bond." *See true and correct copies documents appended hereto as Exhibit 2 reflecting the aforesaid contract, invoice and Defendant's remittance to Hansen-Mueller.*

9. Disputes arose between Plaintiff and Duron, which were submitted to arbitration in the City of New York.

10. The arbitrators issued a Partial Final Award dated August 17, 2020 determining that "[t]he breaches by Duron were fundamental and material, going to the very root of and constituting a repudiation of the Charter. Kondot was entitled to accept those breaches as bringing the Charter to an end." *See Partial Final Award dated August 17, 2020 attached hereto as Exhibit 3.*

11. The aforesaid arbitration tribunal subsequently issued a unanimous second Partial Final Award dated March 25, 2021, ordering Duron to post a $2,000,000 bond by April 25, 2021 as security for Kondot's damages claims. *See second Partial Final Award dated March 25, 2021 attached hereto as Exhibit 4.*

12. Defendant failed to post security as directed by the arbitration tribunal and Plaintiff has filed a petition in the United States District Court for the Southern District of New York to recognize and confirm the second Partial Final Award as a judgment.

13. The arbitration tribunal subsequently issued a unanimous third Partial Final Award dated August 27, 2021 awarding Plaintiff damages in the following amounts: pre-termination damages of $832,344.43 and post termination damages: of $942,266.57 in the sum total of $1,774,611.00. *See Partial Final Award dated August 27, 2021 attached hereto as Exhibit 5.*

14. In its third Partial Final Award, the arbitration tribunal also dismissed the Defendant's counterclaims. *Id.*

15. In its third Partial Final Award, the arbitration tribunal also awarded Plaintiff Kondot attorneys' fees and costs in the sum of $208,771.50, as well as arbitral fees in the sum of $95,000. *Id.*

16. Finally, the arbitration tribunal concluded in its third Partial Final Award that Plaintiff Kondot is entitled to recover a total of $2,078,382.50 and that if the principal award was not paid within 30 days of the date of the third Partial Award that interest will continue to accrue at the prime lending rate as published by the Federal Reserve Bank until payment is made. *Id.*

17. Plaintiff has a pending petition with the United States District Court for the Southern District of New York to recognize and confirm the third Partial Final Award as a judgment.

18. No part of the third Partial Final Award has been satisfied by the Defendant.

19. The aforesaid arbitration tribunal remains constituted to hear and determine the Plaintiff's remaining claims arising under the Charter Party.

20. Pursuant to previously filed actions seeking security in the Eastern District of New York, Southern District of New York, Southern District of Texas and Eastern District of Virginia pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions the Plaintiff has already obtained $204,563.40 in security for its claims by virtue

of attachment of Defendant's funds held by non-party garnishee Mid-Ship Group LLC in the Eastern District of New York action, funds belonging to Defendant Duron deposited with the Court's registry in the Southern District of Texas action, and $1,856.23 of Defendant's funds held by non-party garnishee Capital One N.A.

21. Plaintiff seeks an ex parte order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules attaching, *inter alia*, any property of the Defendant held by non-party garnishees, Hansen-Mueller and FNBO, and any other non-party garnishee(s) that may be identified, within the District for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff Kondot respectfully prays for an Order:

A. Awarding Plaintiff judgment against Defendant in the principal sum of $2,078,382.50;

B. That process in due form of law issue against Duron citing it to appear and answer under oath all and singular the matters alleged in this Verified Complaint, failing which default judgment be entered against it in the sum of $2,078,382.50;

C. An Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,873,819.10** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of non-party garnishees, Hansen-Mueller and/or FNBO, and any other non-party

garnishee(s) that may be identified, including banking/financial institutions and/or other institutions, or such other garnishees which may be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules to answer the matters alleged in the Verified Complaint;

  D. That this Court retain jurisdiction over this matter through the entry of any further arbitration awards, and/or to enter judgment based on such arbitration award(s), associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

  E. That this Court award Plaintiff its reasonable attorneys' fees and costs incurred in this action; and

  F. That Plaintiff be granted such other, further and different relief as the Court may deem just and proper under the circumstances.

  Dated: September 29, 2021.

        KONDOT S.A., Plaintiff,

       By: /s/ Brian J. Brislen
        Brian J. Brislen, #22226
        Adam R. Feeney, #25897
        LAMSON DUGAN & MURRAY LLP
        10306 Regency Parkway Drive
        Omaha, Nebraska 68114
        Tel: (402) 397-7300
        Fax: (402) 397-7824
        bbrislen@ldmlaw.com
        afeeney@ldmlaw.com

and

Patrick F. Lennon
Kevin J. Lennon
* *Pro Hac Vice Applications Pending*
LENNON, MURPHY & PHILLIPS, LLC
The Gray Bar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
Tel:  (212) 490-6050
Fax: (212) 490-6070
Email: plennon@lmplaw.net
           klennon@lmplaw.net

#736221

## VERIFICATION

State of New York        )
                         )   ss.:   City of Armonk
County of Westchester    )

1. My name is Milind Trilokekar.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an authorized agent for Kondot S.A.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on Plaintiff's behalf.

Dated: September 28, 2021

_____
Milind Trilokekar, authorized agent for
Kondot S.A.

#736221

7